OPINION OF THE COURT
Barbara Howe, J.
Plaintiff commenced this action solely against defendant Goehrig in December 1994, to recover damages for injuries sustained by her on March 3, 1992 when the automobile in *209 which she was riding was involved in an accident with a vehicle owned and then being operated by Goehrig. On or about January 17, 1995, Goehrig interposed an answer to which a summons had been affixed and in which she asserted cross claims against both the owner (Elaine Vorwerk) and operator. (Philip Fleck) of the vehicle in which plaintiff was riding on March 3, 1992.
Philip Fleck and Elaine Vorwerk now move to dismiss the cross claims against them.* They contend that Goehrig’s cross claims for indemnification and/or contribution have not been properly interposed. While Goehrig urges that CPLR 3019 (d) authorizes the procedure followed by her, defendants Fleck and Vorwerk insist that only a third-party action would be proper here (cf., CPLR 1007). Neither party has offered any case law on this issue, and my research has disclosed nothing which is decisive of the matter.
CPLR 3019 (d) provides as follows: "A cause of action contained in a counterclaim or a cross-claim shall be treated, as far as practicable, as if it were contained in a complaint, except that separate process, trial or judgment may not be had unless the court so orders. Where a person not a party is alleged to be liable he shall be served with a summons and a copy of the answer containing the counterclaim or cross-claim, whereupon he shall become a defendant * * * [and he] shall serve a reply or answer as if he were originally a party.”
As Professor Siegel points out, "[n]o nonparty may be added on a cross-claim unless the claim lies in some measure against someone already named and joined as a party” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:13, at 217 [emphasis added]). While Siegel does not state the basis for his position, it undoubtedly rests in the nature of a cross claim: "A cross-claim may be any cause of action in favor of one or more defendants or a person whom a defendant represents against one or more defendants, a person whom a defendant represents or a defendant and other persons alleged to be liable. ” (CPLR 3019 [b] [emphasis added].)
Definitionally under the statute a cross claim may properly be interposed, inter alia, against "a defendant and other persons alleged to be liable”, but that still requires a named defendant already in the action against whom the cross claim will lie. The statute, in such a situation, will permit others *210 who may be liable under the cross claim but who are not yet parties to the action to be joined pursuant to CPLR 3019 (d). However, there is no statutory definition of a cross claim which permits assertion of the cross claim against only a person or persons who are nonparties to the action.
I conclude, therefore, that the procedure by which Goehrig has sought to join Philip Fleck and Elaine Vorwerk is statutorily impermissible, CPLR 3019 (d) not being susceptible of the interpretation Goehrig seeks to place upon it. This being so, the cross claims must be, and they hereby are, dismissed, without prejudice to Goehrig’s commencing a third-party action (if she be so advised).
The further application of Philip Fleck and Elaine Vorwerk for costs and attorney fees pursuant to CPLR 8303-a (frivolous litigation) is hereby denied as unfounded, and Goehrig’s application for discovery is hereby denied as moot.

 Fleck and Vorwerk also move for costs and attorney fees, and Goehrig has moved to compel discovery from Fleck and Vorwerk.